# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
October 4, 2000 Session

## JOHN M. CLINARD, ET AL.  v.  C. ROGER BLACKWOOD, ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Robertson County**
**No. 8674     Hon. Walter C. Kurtz, Judge**

---

**No. M1998-00555-SC-R11-CV - Filed May 18, 2001**

---

WILLIAM M. BARKER, J., concurring.

I concur in the judgment of my colleagues that adequate screening measures of an attorney's prior representation may suffice to  prevent vicarious disqualification of the attorney's new firm under DR 5-105(D).  I also agree that the Waller firm has properly rebutted the presumption of shared confidences in this case though its screening mechanism and that the record contains no evidence of actual sharing of confidences.

I write separately, however, to express my views concerning vicarious disqualification of law firms based upon a violation of Ethical Consideration 9-6 governing the appearance of impropriety. Initially, I note that we are not presented in this case with the question of whether we should allow vicarious disqualification under the appearance-of-impropriety standard—the law requires its application.  As the Court reaffirms today, a party has not fully complied with the law by merely preventing a conflict from existing in fact; the party must also ensure that no appearance of impropriety exists either.  No one can deny the important policies served by this rule, and the majority has endeavored with great attention to minimize the dangers of wanton or haphazard application of this standard.  Although I acknowledge that this standard has its shortcomings, I believe that it must be applied in this case because it is what the law presently commands.

Nevertheless, despite the possibility of varied results in other cases, application of the appearance-of-impropriety standard in this case leads to a clear conclusion.  My understanding of the majority's holding today is that when an attorney changes law firms so as to stand in an adversary position to a former client with respect to the subject of the former representation, this action may appear so improper to the average lay person that vicarious disqualification of the new law firm is required.  Although the majority's opinion appears to be limited to the particular facts of this case, its holding is so sound that it could constitute a *per se* prohibition under the Code of Professional Conduct.  So long as the law includes the appearance-of-impropriety standard, attorneys and law

firms are on notice that this conduct will generally appear so improper to the average, reasonable layperson that direct and vicarious disqualification should be required. As the majority seems to indicate, this is one situation where the appearance of impropriety is just as egregious as an actual conflict itself.

A *per se* rule of vicarious disqualification under the appearance-of-impropriety standard in similar cases, notwithstanding the adequacy of the screening mechanism employed by the new firm, should alleviate any difficulty encountered by members of the bench and bar in deciding whether such conduct is prohibited under EC 9-6. Although other cases may present a closer question, I have no doubt that judges and attorneys can clearly appreciate this situation as one that appears improper to the average layperson. While it is my expectation that vicarious disqualification of law firms under the appearance-of-impropriety standard will be as rare as the majority supposes, vicarious disqualification in this case is necessary, if not essential, to promote public confidence in the legal system and to maintain the highest standards of the profession.

For these reasons, I join in the opinion of the Court.

_____
WILLIAM M. BARKER, JUSTICE